NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**UNILOC USA, INC., UNILOC LUXEMBOURG S.A.,
UNILOC 2017 LLC,**
*Plaintiffs-Appellants*

**v.**

**SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG ELECTRONICS CO., LTD.,**
*Defendants-Appellees*

_____

2019-2072

_____

Appeal from the United States District Court for the Eastern District of Texas in No. 2:18-cv-00042-JRG-RSP, Judge J. Rodney Gilstrap.

_____

Decided:  April 7, 2020

_____

JAMES J. FOSTER, Prince Lobel Tye LLP, Boston, MA, for plaintiffs-appellants.

ALLAN A. KASSENOFF, Greenberg Traurig LLP, New York, NY, for defendants-appellees.  Also represented by RICHARD A. EDLIN.

_____

Before MOORE, CLEVENGER, and CHEN, *Circuit Judges.*

MOORE, *Circuit Judge.*

Uniloc USA, Uniloc Luxembourg and Uniloc 2017 (collectively, Uniloc) appeal the United States District Court for the Eastern District of Texas' judgment of invalidity as to claim 18 of U.S. Patent No. 6,868,079.  Because the district court did not err in holding claim 18 indefinite, we *affirm*.

## BACKGROUND

Uniloc Luxembourg, S.A. and Uniloc USA, Inc. sued Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, Samsung), alleging infringement of claims of the '079 patent.[1]  The '079 patent is directed to a radio communication system in which a secondary station (e.g., a mobile phone) requests services from a primary station (e.g., a cellular base station).  '079 patent at Abstract; *id.* at 1:56–67.  According to the specification, a secondary station communicates with a primary station over an uplink communication channel divided into frames, where each secondary station registered with the primary station is allocated a time slot within each frame.  *Id.* at 1:43–46.  In conventional signaling schemes, a secondary station would use that time slot to make a request for services to a base station and then wait for an acknowledgement from the base station.  *Id.* at 3:42–45.  If the secondary station did not receive an acknowledgment within a predetermined period of time, the secondary station scheduled another request.  *Id.* at 3:45–48.  The claimed invention purportedly improves upon response times in

---

[1]    In May 2018, Uniloc Luxembourg assigned the '079 patent to Uniloc 2017, which then joined the suit as a plaintiff in September 2018.  Uniloc Luxembourg and Uniloc USA no longer hold an interest in the patent or this appeal.

conventional signaling schemes by sending requests from the secondary stations in at least a majority of the time slots allocated to it, until an acknowledgment is received from the primary station. *Id.* at 1:60–2:2. Claim 18 recites:

> 18. A radio communication system, comprising:
>
>> a primary station and a plurality of respective secondary stations,
>>
>> the primary station having *means for allocating respective time slots* in an uplink channel to the plurality of respective secondary stations to transmit respective requests for services to the primary station *to establish required services*,
>>
>> wherein the respective secondary stations have means for re-transmitting the same respective requests in consecutive allocated time slots without waiting for an acknowledgement until said acknowledgement is received from the primary station,
>>
>> wherein said primary station determines whether a request for services has been transmitted by at least one of the respective is [sic] secondary stations by determining whether a signal strength of the respective transmitted request of the at least one of the respective secondary stations exceeds a threshold value.

(emphases added).

The parties agree that the term "means for allocating respective time slots . . . to establish required services" is a means-plus-function term under 35 U.S.C. § 112 ¶ 6, having a function of "allocating respective time slots to establish required services." In April 2019, the magistrate judge issued a Claim Construction Memorandum and Order,

holding indefinite claim 18 of the '079 patent because "Uniloc ha[d] pointed to nothing in the specification that links the claimed function to [the structural] elements" Uniloc identified. J.A. 26. The magistrate judge also held the claim indefinite "for failure to provide an algorithm." J.A. 27. The district court adopted the magistrate judge's Claim Construction Memorandum and Order on May 20, 2019. J.A. 3. Following the district court's May 20 order, the parties stipulated to the entry of judgment of invalidity as to claim 18.[2] J.A. 291. The district court entered final judgment based on the parties' stipulation. Uniloc appeals, arguing that the district court erred in holding claim 18 indefinite. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's indefiniteness determination *de novo*, except for necessary subsidiary fact findings, which we review for clear error. *Cox Commc'ns v. Sprint Commc'n Co.*, 838 F.3d 1224, 1228 (Fed. Cir. 2016). Under 35 U.S.C. § 112, patent claims must "particularly point[ ] out and distinctly claim[ ] the subject matter" regarded as the invention. Pre-AIA section 112 ¶ 6 allows a patentee to express an element of a claim as a means for performing a specified function. 35 U.S.C. § 112 ¶ 6 (2006). In exchange for using this form of claiming, the patent specification must disclose with sufficient particularity the structure for performing the claimed function and clearly link that structure to the function. *See Ibormeith IP, LLC v. Mercedes–Benz USA, LLC,* 732 F.3d 1376, 1379 (Fed. Cir. 2013). For a computer-implemented invention claimed

---

[2]    The parties also stipulated to the dismissal with prejudice of Uniloc's claims of infringement against Samsung, except as to claim 18, and the dismissal without prejudice of Samsung's counterclaims.

in means-plus-function format, the specification must disclose the algorithm that the computer performs to accomplish the claimed function. *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.,* 521 F.3d 1328, 1333 (Fed. Cir. 2008). Failure to disclose the corresponding algorithm for a computer-implemented means-plus-function term renders the claim indefinite. *Ergo Licensing LLC v. CareFusion 303, Inc.,* 673 F.3d 1361, 1363 (Fed. Cir. 2012).

Uniloc argues that the district court erred in holding that "means for allocating respective time slots . . . to establish required services" lacks definite corresponding structure in the specification. It argues the '079 patent discloses several algorithms for allocating the respective time slots that provide enough direction for a person of skill in the art to create an operative software program. We do not agree.

The specification does not disclose an algorithm describing how the claimed "allocating respective time slots . . . to establish required services" is performed. Instead, the specification merely restates the claimed function. For example, the specification discloses that each secondary station is allocated a time slot in each frame of the uplink channel and that each secondary station can determine the time slot it is allocated. '079 patent at 3:25–32; *see also id.* at 3:36–41 (describing that the base station can increase the capacity of an uplink channel "by not allocating a time slot for every [secondary station] in every frame"). Merely describing the results of an unspecified algorithm in this manner, however, is not sufficient to satisfy the requirements of § 112 ¶ 6. *See Aristocrat Techs.*, 521 F.3d at 1334–35; *see also Ergo Licensing*, 673 F.3d at 1365 (holding indefinite a claim reciting a computer-implemented means-plus-function term where "[t]he specification merely provide[d] functional language and d[id] not contain any step-by-step process" for performing the claimed function). And the failure to disclose an algorithm

is not excused merely because a person of ordinary skill purportedly "would be able to devise a means to perform the claimed function." *Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1319 (Fed. Cir. 2013). We therefore agree with the district court that the specification fails to provide sufficient structure to satisfy the requirements of § 112 ¶ 6. Accordingly, we affirm the district court's judgment that claim 18 of the '079 patent is invalid for indefiniteness.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. Because the district court correctly held that claim 18 of the '079 patent is indefinite, we *affirm* the district court's judgment of invalidity.

## **AFFIRMED**